IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JUNE TRAVIS                                                              PLAINTIFF

v.                              No. 4:12-cv-113-DPM

STEWART TITLE GUARANTY
COMPANY, a Texas Insurance
Corporation Domesticated Within
the State of Arkansas                                                   DEFENDANT

ORDER

　　　Stewart Title Guaranty Company issued a title insurance policy saying

that Travis and her husband owned some land in fee simple as tenants by the

entirety.  After her husband passed away, Travis's effort to sell the property

failed when she discovered that only her husband owned it.  Stewart denied

liability under the policy.  Travis sued, alleging that Stewart had violated its

title insurance contract with her and violated ARK. CODE ANN. § 23-79-208.

Stewart removed the case here.

　　　One week later, Stewart moved to dismiss or for summary judgment.

*Document No. 5.*  Travis failed to file a timely response.  Because Stewart's

motion came with many exhibits and the facts seemed clear, the Court gave

notice that it would decide the case on summary judgment.  FED. R. CIV. P.

12(d); *Document No. 9*. A jurisdictional issue appeared and was resolved; and Travis later responded to the pending motion for judgment.

After further consideration, and with the benefit of Travis's response, it is clear that this case needs more development. The Court will therefore consider Stewart's motion as one to dismiss and not go beyond the pleadings and materials necessarily embraced by them. Travis's claim will stand if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Stewart's motion to dismiss Travis's claim for 12% damages and attorney's fees is granted. The governing statute exempts the title insurance Stewart issued to Travis. ARK. CODE ANN. § 23-79-102.

The remainder of Stewart's motion to dismiss is denied. Travis has pleaded a plausible contract claim for losses sustained because the title Stewart insured was defective. The parties should do some basic discovery. Then perhaps cross motions for summary judgment on a set of agreed material facts, if possible, would be the best route. The following points need particular development:

- With regard to the "created, suffered, assumed, or agree to" exception, what did June Travis know about the state of the title

when the policy was issued?  This may be an area of disputed material fact.

- What is the measure of any loss that Travis sustained?  If it is the difference between what Stewart assured her she owned and what she actually owned, then any dower interest or other post-probate interest that Travis has in the property is relevant.  What is the value of that interest?

- The "paid value for the estate or interest" exception needs further development too.   For example, how does the lack of any conveyance at all play into that exception?

\* \* \*

Motion to dismiss, *Document No. 5*, granted in part and denied in part.

Alternative motion for summary judgment denied without prejudice.

So Ordered.

_____

D.P. Marshall Jr.
United States District Judge
24 July 2012